EJK:MEL
F. #2013R01646

**14 MISC 0 25**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE
RELEASE OF HISTORICAL CELL-SITE
INFORMATION

SEALED APPLICATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Margaret Lee, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days T-Mobile (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from (716) 235-7155, a prepaid telephone issued by the service provider and in the possession of ANDREW PRIME (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period from September 1, 2013 through October 1, 2013 (collectively, the "HISTORICAL CELL-SITE INFORMATION").

In support of this application I state the following:

1.   I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York. As such, I am a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) and,

as such, am authorized to apply for Orders authorizing the disclosure of the HISTORICAL CELL-SITE INFORMATION.

2. The Court is authorized to order the disclosure of the HISTORICAL CELL-SITE INFORMATION upon the government offering specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. 18 U.S.C. § 2703(d).

3. I have discussed this matter with a special agent of the Department of Homeland Security, Homeland Security Investigations (the "investigative agency"), who is involved in the investigation. Based upon my discussion with the agent, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d). First, the investigative agency is conducting a criminal investigation into possible violations of federal criminal laws, including conspiracy to import cocaine in violation of Title 21, United States Code, Section 963, and conspiracy to possess cocaine with the intent to distribute it in violation of Title 21, United States Code, Section 846. Second, it is believed that ANDREW PRIME has used the SUBJECT TELEPHONE in furtherance of the above offenses. Third, HISTORICAL CELL-SITE INFORMATION will further the investigation by corroborating source information and other evidence, including but not limited to providing the location of ANDREW PRIME at the time when money was deposited into and withdrawn from a co-conspirator's bank account.

4. Based upon discussions with a special agent of the investigative agency, the government hereby sets forth the following specific and articulable facts showing

that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation.

5. On or about September 29, 2013, Phylicia Lowe arrived at John F. Kennedy International Airport ("JFK Airport") in Queens, New York, aboard Caribbean Airlines Flight 520 from Port of Spain, Trinidad. Lowe was selected for a Customs and Border Protection ("CBP") examination. When CBP officers inspected her checked suitcase, they found three containers appearing to be cans of food. CBP officers opened one of the cans and discovered a grey package. CBP officers probed the package and discovered a white, powdery substance, which field-tested positive for the presence of cocaine.

6. After being advised of her Miranda rights and waiving her rights orally and in writing, Phylicia Lowe stated, in sum and substance and in part, that her friend "Andrew" had offered to pay her $3,000 to bring drugs from Trinidad into the United States. Lowe agreed to import the drugs for Andrew. Lowe initially denied knowing Andrew's last name but later stated that his name was ANDREW PRIME. Lowe was charged in a two-count indictment with importation of cocaine and possession of cocaine with intent to distribute it, in violation of Title 21, United States Code, Sections 952 and 841.

7. According to Lowe, prior to her departure, ANDREW PRIME informed Lowe that he would be traveling with her to Trinidad. Flight records obtained from Caribbean Airlines confirm that, on or about September 23, 2013, PRIME and Lowe flew to Trinidad on Caribbean Airlines Flight No. 521. The flight records also show that Lowe

returned to the United States on September 29, 2013, and PRIME returned on September 30, 2013.

8. According to Lowe, prior to their departure on September 23, 2013, ANDREW PRIME gave her approximately $2,000 to book her flight and accommodations for both of them. Lowe stated, in sum and substance and in part, that PRIME drove her to the bank to deposit the money. Records received from Municipal Credit Union ("MCU"), in response to a subpoena, show that on September 11, 2013, $2,000 was deposited in a savings account held in the name of Phylicia Lowe. The MCU records further show that on September 12, 2013, $950 was withdrawn from the same savings account. According to Lowe, PRIME drove her to the bank to withdraw this money so that PRIME, as opposed to Lowe, could reserve the hotel for them. Records obtained from TD Bank, in response to a subpoena, show a deposit on September 12, 2013, in the amount of $950 to a checking account held in PRIME's name.

9. On or about September 30, 2013, ANDREW PRIME arrived at JFK Airport on Caribbean Airlines Flight number 520. PRIME was selected for examination by CBP. During the examination, law enforcement agents took photographs of PRIME's cellular telephone. A review of the cellphone in PRIME's possession showed a number of text messages between PRIME and "Phe" at number (347) 807-3688, the number assigned to the cellphone recovered from Lowe on the day of her arrest. In a series of text messages occurring on or about September 23, 2013 between approximately 5:42 a.m. and 6:49 a.m., the following conversation occurred:

4

| | |
|---|---|
| PRIME: | U left yet? |
| LOWE: | Waiting on the cab |
| PRIME: | Where u at |
| LOWE: | High way. |
| LOWE: | U |
| PRIME: | Checking in |
| PRIME: | Terminal 4 |
| PRIME: | Keep the money in ur pocket, don't check it[1] |
| LOWE: | Duhhh |
| PRIME: | Got thru yet? |

Based on a review of the photographed text messages and the records obtained from T-Mobile in response to a subpoena, agents were able to determine that the phone number assigned to the cellphone in PRIME's possession on September 30, 2013, appeared to be (716) 235-7155. Records obtained from Sprint, in response to a subpoena, show that between September 1, 2013 and September 23, 2013, there were over 500 calls or text messages between (347) 807-3688, the number assigned to the phone recovered from Lowe on the day of her arrest, and the SUBJECT TELEPHONE.

      10.    Based upon the above proffer, the government requests that the Court issue Orders that provide, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the HISTORICAL CELL-SITE

---

[1] According to Phylicia Lowe, prior to their departure, ANDREW PRIME gave her money to transport to Trinidad. Lowe stated that she transported the money and returned it to PRIME after clearing customs in Trinidad.

5

INFORMATION for the SUBJECT TELEPHONE for the period from September 1, 2013 through October 1, 2013.

11. The government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Orders be ordered not to disclose (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider and (c) the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court. Any such disclosure might cause a target to flee from prosecution or result in the destruction of or tampering with evidence.

12. No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. See 28 U.S.C. § 1746.

Dated:   Brooklyn, New York
         January 9, 2014

Margaret Lee
Assistant U.S. Attorney
(718) 254-6205

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          14 MISC 0 25
- - - - - - - - - - - - - - - - - - - - - - - - - -x

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA                SEALED ORDER OF
FOR AN ORDER AUTHORIZING THE                   AUTHORIZATION
RELEASE OF HISTORICAL CELL-SITE
INFORMATION

- - - - - - - - - - - - - - - - - - - - - - - - - -x

      This matter having come before the Court pursuant to an application by Assistant United States Attorney Margaret Lee, an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days T-Mobile (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from (716) 235-7155, a prepaid telephone issued by the service provider and in the possession of ANDREW PRIME (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period from September 1, 2013 through October 1, 2013 (collectively, the "HISTORICAL CELL-SITE INFORMATION");

      UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the HISTORICAL CELL-SITE INFORMATION is relevant and material to an ongoing criminal investigation being conducted by the Department of Homeland Security, Homeland Security Investigations (the "investigative agency"), into the violation of federal criminal laws, including conspiracy to import cocaine in violation of Title 21, United States Code, Section 963, and conspiracy to possess cocaine with the intent to distribute it in violation of Title 21, United States Code, Section 846; now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for the period from September 1, 2013 through October 1, 2013.

Good cause having been shown, IT IS FURTHER ORDERED, that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Order, the existence of the Order to Service Provider or the production of the HISTORICAL CELL-SITE INFORMATION to the listed subscriber for

the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person

Dated: Brooklyn, New York
January 9, 2014

                                      s/Lois Bloom
                                  THE HONORABLE LOIS BLOOM
                                  UNITED STATE MAGISTRATE JUDGE
                                  EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**14 MISC 025**

---------------------------------x

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE
RELEASE OF HISTORICAL CELL-SITE
INFORMATION

SEALED ORDER TO
SERVICE PROVIDER

---------------------------------x

WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days T-Mobile (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from (716) 235-7155, a prepaid telephone issued by the service provider and in the possession of ANDREW PRIME (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the period from September 1, 2013 through October 1, 2013 (collectively, the "HISTORICAL CELL-SITE INFORMATION")

NOW THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from September 1, 2013 to October 1, 2013.

IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, the United States Department of Homeland Security, Homeland Security

Investigations, the service provider and any other person or entity whose assistance is used to execute this Order; and

IT IS FURTHER ORDERED that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction, the existence of the this Order or the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated: Brooklyn, New York
January 9, 2014

s/Lois Bloom
THE HONORABLE LOIS BLOOM
UNITED STATE MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK